
**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

----------------------------------------------------
Mildred Ciricillo, et. al,                          :
                                                    :
    Plaintiff,                   :    Civ. No. 03-3039 (DRD)
                                                    :
    v.                            :
                                                    :
United States of America,                           :    **O P I N I O N**
                                                    :
    Defendant, third-party plaintiff, :
                                                    :
    v.                            :
                                                    :
City of Newark                                      :
                                                    :
    Third-party defendant         :
----------------------------------------------------

Steven I. Green, Esq.
1061 Bloomfield Avenue
West Caldwell, NJ 07006

*Attorney for Plaintiff*


Christopher J. Christie
United States Attorney
Neil R. Gallagher
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*Attorney for Defendant, United States*


Joanne Y. Watson
Corporation Counsel
Gary S. Lipshutz, Esq.
920 Broad Street

1

Newark, NJ 07102

*Attorney for Third-party defendant, City of Newark*

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

Plaintiff, Mildred Ciricillo and her husband, Robert Ciricillo, filed a slip and fall complaint against the United States and the City of Newark, claiming that each was negligent in maintaining the roadway where Ms. Ciricillo's accident occurred. The United States filed a third-party complaint against the City, alleging that the City was responsible for the repair of Orchard Street where Ms. Ciricillo allegedly fell. The City filed a cross-claim against the United States.

The United States moves to dismiss Mr. Ciricillo's claim and for summary judgment on Ms. Ciricillo's claim. It also moves to exclude the testimony of the Ciricillos' expert witness and for indemnification from the City. The City moves for summary judgment on both claims. For the reasons set forth below, the motions for summary judgment and to dismiss will be granted.

## II. BACKGROUND

Ms. Ciricillo was injured on February 7, 2002 when she fell on Orchard Street near the entrance to the sub-basement of the Federal Building located at 970 Broad Street in Newark. On March 19, 2002, she filed an administrative claim with the General Services Administration. On October 29, 2002, Ms. Ciricillo filed a nearly identical claim in which she changed the name of the federal agency and slightly changed her factual allegations. Notably, neither filing indicated a claim on behalf of Mr. Ciricillo. Ms. Ciricillo's administrative claim was denied. This action

ensued.

The United States leases Orchard Street from the City. Under the lease agreement, the City was responsible for maintaining Orchard Street. As such, the United States claims it should be absolved of liability. However, the lease provision does not necessarily relieve the United States from liability. "A provision of the lease can fix the obligation and duties between the landlord and tenant, but no provision of a lease can absolve a tenant as against a third person from the tenant's duty to maintain a sidewalk in front of the demised premises in a reasonably safe condition," Jackson v. K-Mart Corp., 182 N.J. Super. 645 (N.J. Super. Ct. 1981).

Plaintiffs initially alleged that Ms. Ciricillo fell on the apron to the Federal Building driveway, where the concrete driveway meets the asphalt road.[1] Ms. Ciricillo claimed she fell due to the difference in height between the street surface and the driveway apron, specifically, that the concrete apron was approximately five-eighths to three-quarters of an inch higher than the asphalt road and that the difference in height created a tripping hazard that caused her to fall.

Plaintiffs' current claim, however (as argued in Ms. Ciricillo's deposition testimony and Plaintiffs' Statement of Undisputed Material Facts), is that Ms. Ciricillo fell when her foot became caught in a small, deep pothole in the asphalt road. Plaintiffs claim that Orchard Street, at the time of the incident, was in such a state of disrepair that it constituted a dangerous

---

[1]In Plaintiffs' Responses to the City of Newark's Statement of Undisputed Material Facts, Ms. Ciricillo admits that she initially claimed she fell at the end of the driveway. (Pl.'s Br. at 4.) She further admits that she produced photos (taken one day after the incident) that she described as being "of the site of the accident" and that several of those photos are close-ups of the area where the asphalt meets the concrete apron of the driveway. (Pl.'s Br. at 4.) Ms. Ciricillo further admits that her expert's first report describes the location of the accident as the transition area where the asphalt and concrete meet. (Pl.'s Br. at 4.)

condition and that such condition was caused by the negligence of one or both of the defendants. To support that claim, Plaintiffs describe Orchard Street as being "riddled" with 34 potholes, several of which measured five feet by eight feet; five feet by seven feet; four feet by seven feet; etc. Plaintiffs further note that two to three tons of asphalt were needed to repair Orchard Street approximately four months after Ms. Ciricillo's fall.

### III.  DISCUSSION

**United States's motion to dismiss claim of Robert Ciricillo**

Under 28 U.S.C. § 2675(a) the United States only consents to be sued when it is first presented with an administrative claim. It states that "an action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." This rule applies even when an injured party files an administrative claim and his or her spouse seeks to join in a claim for loss of services or companionship, *See* Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983); Fol v. United States, 548 F. Supp. 1257 (S.S.N.Y. 1982). As such, this court lacks jurisdiction over Robert Ciricillo's claim because he has not exhausted his administrative remedies. The United States's motion to dismiss is granted.

**United States's motion for summary judgment**

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

condition and that such condition was caused by the negligence of one or both of the defendants. To support that claim, Plaintiffs describe Orchard Street as being "riddled" with 34 potholes, several of which measured five feet by eight feet; five feet by seven feet; four feet by seven feet; etc. Plaintiffs further note that two to three tons of asphalt were needed to repair Orchard Street approximately four months after Ms. Ciricillo's fall.

### III.  DISCUSSION

**United States's motion to dismiss claim of Robert Ciricillo**

Under 28 U.S.C. § 2675(a) the United States only consents to be sued when it is first presented with an administrative claim. It states that "an action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." This rule applies even when an injured party files an administrative claim and his or her spouse seeks to join in a claim for loss of services or companionship, *See* Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983); Fol v. United States, 548 F. Supp. 1257 (S.S.N.Y. 1982). As such, this court lacks jurisdiction over Robert Ciricillo's claim because he has not exhausted his administrative remedies. The United States's motion to dismiss is granted.

**United States's  motion for summary judgment**

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law, Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment, Id.  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor,'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999), quoting, Anderson, 477 U.S. at 255.  But where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (U.S. 1986).

     The court will accept Ms. Ciricillo's most recent account of the incident.  In that account she claims she fell because she caught her foot in a small, deep pothole on Orchard Street. (Mildred Ciricillo Dep. 36:20, July 8, 2004.)  She claims the United States was negligent in failing to maintain the road.

     To support a cause of action for negligence, a plaintiff must prove that the defendant breached a duty of reasonable care and that the breach proximately caused the plaintiff's injury, Brown v. Racquet Club of Bricktown, 95 N.J. 280 (N.J. 1984).  Under New Jersey law, the duty of care that a business proprietor owes to its patrons is a duty "to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe," Nisivoccia v. Glass Gardens, 175 N.J. 559, 563 (N.J. 2003).  Thus, to maintain a cause of action, Ms. Ciricillo must show that the alleged

pothole constituted a dangerous condition and that it proximately caused her injury.

A pothole could, but does not necessarily, constitute a dangerous condition. Certainly, a deep hole in the road might create a substantial risk to anyone traveling the road. But the relevant case law includes many examples of minor surface defects that do not constitute dangerous conditions, *See* Polyard v. Terry, 160 N.J. Super. 497 (App. Div. 1978); Cordy v. Sherwin Williams Co., 975 F. Supp 639 (D.N.J. 1997); McCarthy v. Verona, 2001 WL 1917169 (App. Div. 2001). As such, to determine whether a pothole constitutes a dangerous condition, a court must examine the characteristics, including depth and location, of a particular pothole. Such an examination is impossible unless a plaintiff can identify the pothole that caused her injury.

In the present case, Ms. Ciricillo is unable to identify a pothole that caused her fall. In fact, her deposition testimony shows that she does not even remember whether she fell in the street or on the sidewalk. (Mildred Ciricillo Dep. 36:13-21 and 37:15-21, July 8, 2004.) Although Ms. Ciricillo describes Orchard Street in great detail, the details provided are irrelevant. Her brief states that there were 34 potholes on Orchard Street and that several of these potholes measured five feet by eight feet; five feet by seven feet; four feet by seven feet; etc. She further notes that two to three tons of asphalt were needed to repair Orchard Street approximately four months after her fall (Pl.'s Br. at 10-11.) But these details are irrelevant. The fact that there were 34 potholes on Orchard Street suggests the road was in poor shape but it does nothing to link Ms. Ciricillo's injury to the condition of the road. The pothole measurements are similarly meaningless because they don't include the depth of the holes. A pothole that is five feet by seven feet poses little if any danger if it is only half an inch deep. Without knowing the depth of

the hole, it is impossible to determine whether the hole constituted a dangerous condition. Furthermore, none of the potholes described above could possibly be the one Ms. Ciricillo claims caused her injury because she claims to have fallen due to a small, deep pothole. The potholes described in her brief all have an area of at least nine square feet. (Pl.'s Br. at 11.) Thus, Ms. Ciricillo has failed to identify the particular pothole in question and has therefore failed to identify, with any specificity, the dangerous condition that may have caused her injury.

In <u>Phillips v. City of Camden</u>, No. A-2469-04T3, slip op. at 3 (N.J. App. Div 2005), the court affirmed the trial court's granting of summary judgment favoring the defendant in a case where the plaintiff was injured when he stepped in a pothole. As the court states, "summary judgment was appropriate because plaintiffs had not presented evidence that the pothole was a dangerous condition . . . ." Similarly, Ms. Ciricillo in this case failed to present any evidence that the pothole she claims caused her injury was a dangerous condition. As such, it is impossible to determine whether the United States breached a duty of care owed to her and whether that breach proximately caused her injury. The United States's motion for summary judgment is granted.

**Newark's motion for summary judgment**

As the City is covered under the New Jersey Tort Claims Act, Plaintiffs' burden in supporting a cause of action against the City is even higher than Ms. Ciricillo's burden in her cause of action against the United States, N.J.S.A. 59:1-1 et seq. Under the Act, to support a cause of action against the City, Plaintiffs would have to show (1) that a dangerous condition existed; (2) that the dangerous condition proximately caused Ms. Ciricillo's injury; (3) that the dangerous condition created a foreseeable risk of the kind of injury incurred; (4) that either a public employee created the dangerous condition or that the public entity had actual or

7

constructive notice of the dangerous condition; and (5) that the public entity's effort to protect against the condition was palpably unreasonable.  N.J.S.A. 59:4-2.  As discussed above, Plaintiffs cannot satisfy the first two elements of this standard.  Thus, it is unnecessary to discuss the remaining elements.  The City's motion for summary judgment is granted.

In light of the rulings on the motions to dismiss and for summary judgment it is unnecessary to address the United States's motions to exclude the testimony of Plaintiffs' expert witness and for indemnification from the City.  They will be dismissed as moot.  It also follows that the United States's third-party complaint against the City and the City's cross-claim against the United States should be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the motion of the United States to dismiss the complaint of Robert Ciricillo will be granted; the motion of the United States for summary judgment on the complaint of Mildred Ciricillo will be granted.  The motion of the City of Newark for summary judgment on the complaints of Mildred and Robert Ciricillo will be granted.  The motions of the United States to exclude the testimony of Plaintiff's expert witness and for indemnification from the City will be dismissed as moot.  The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:         September 29, 2005